*Order Filed on 11/10/2008 by Clerk U.S. Bankruptcy Court District of New Jersey*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br><br>Middlebrooks Shapiro & Nachbar, P.C.<br>1767 Morris Avenue, Suite 2A<br>Union, New Jersey 07083<br>(908) 687-6161<br>Melinda D. Middlebrooks, Esq. (MM-4186)<br>Attorneys for Defendant | |
| In re:<br><br>**DONALD and EMILY DeWITT**<br>     Debtors.<br><br>**62nd & 1st LLC and Ira Mark Company**,<br>     Plaintiffs,<br>v.<br><br>**Donald DeWitt**,<br>     Defendant | Case No.:   07-20289 (MS)<br><br>Adv. No.:   08-01090 (MS)<br><br>Hearing Date:<br><br>Oral Argument: Oral Argument Waived; Unless Timely Objection Received.<br><br>Judge:   Morris Stern |

---

### CONSENT ORDER RESOLVING NON-DISCHARGEABILITY ADVERSARY PROCEEDING AND ENTERING JUDGMENT IN FAVOR OF 62ND & 1ST LLC AND IRA MARK COMPANY

---

THE RELIEF as set forth on the following two (2) pages in hereby ORDERED.

**DATED: 11/10/2008**

Honorable Morris Stern
United States Bankruptcy Judge

In re: Donald & Emily DeWitt
Case Number: 07-20289(MS)
Adversary Proceeding: 62nd & 1st, LLC and Ira Mark Company v Donald DeWitt
Case # 08-01090 (MS)
Consent Order Resolving Adversary Matter

THIS MATTER having come before the Court for a settlement conference, and the parties having agreed to settle the matter, and having set forth the following terms and conditions on the record before the Court on September 19, 2008 and Notice of Settlement having been served, and no objections to the Proposed Settlement having been received, it is hereby ORDERED as follows:

1. That the Adversary Proceeding entitled _62nd & 1st, LLC and Ira Mark Company v. Donald DeWitt_, (the "Adversary Proceeding") bearing Adversary Proceeding Number 08-01090 shall be marked settled and closed.

2. It is stipulated and agreed to that a Non-Dischargeable Judgment (the "Judgment") in the amount of two hundred thousand dollars ($200,000.00) against Defendant Donald DeWitt (hereinafter "Defendant"), solely, shall be entered and that said Judgment shall be Non-Dischargeable pursuant to 11 U.S.C. §523(a)(4).

3. Upon entry of this Order and Judgment, Plaintiffs' shall be allowed to take actions to perfect a lien as a result of the issuance of this Order. Plaintiffs shall forbear on the execution of said lien provided that Defendant complies with the terms and conditions of this Order.

4. Said Judgment shall be paid out as follows: to Plaintiffs', its nominees, successors and/or assigns; the sum of fifteen thousand dollars ($15,000.00) per year for a period of ten (10) years, with the first payment of fifteen thousand dollars ($15,000.00) being due and owing on October 1, 2009, and the subsequent payments of fifteen thousand dollars ($15,000.00) are due and owing on the first (1st) day of October in each of the subsequent nine (9) years, with an additional balloon payment of $50,000 (the "Balloon payment") at the end of the ten (10) year period (October 1, 2019).

5. Said Balloon payment shall be payable either in a lump sum of fifty thousand dollars ($50,000.00) or in yearly installments of fifteen thousand dollars ($15,000.00) for a period of five (5) additional years. If Defendant chooses to pay the Balloon payment over the period of five (5) years, any funds paid over and above the amount of the fifty thousand dollars ($50,000.00) shall be deemed additional funds due to the Plaintiffs based on time value of the settlement.

6. The Defendant shall have the right, at any time, to pre-pay the then outstanding balance of the Judgment in the full amount without any Pre-payment penalty.

7. Provided Defendant is timely in making payments against the Judgment pursuant to ¶a 4 and 5 above, Plaintiffs shall hold in abeyance any efforts to enforce and collect the Judgment, other than any action as described in ¶3 above. In the event that any payment due hereunder is not timely made, Plaintiffs shall have the right to send a Thirty (30 Day Notice of Default to Defendant via Certified Mail, Return Receipt Requested and First Class Mail. In the event the default is not cured within said thirty (30) days, the Judgment shall be deemed to be immediately increased to

*Approved by Judge Morris Stern November 10, 2008*

In re: Donald & Emily DeWitt
Case Number: 07-20289(MS)
Adversary Proceeding: 62nd & 1st, LLC and Ira Mark Company v Donald DeWitt
Case # 08-01090 (MS)
Consent Order Resolving Adversary Matter

    the sum of three hundred fifty thousand dollars ($350,000.00) (the "Default Amount"), plus interest at the Federal Judgment Rate of Interest as of September 19, 2008, plus costs and fees, including attorneys' fees associated with collection. Any and all payments made by Defendant prior to any default shall be credited against the Default Amount.

8. Upon entry of this Order, Donald and Emily Dewitt, (the "Debtors") shall turnover one (1) of the claimed Homestead Exemptions in the amount of twenty thousand two hundred dollars ($20,200.00), which is being held in the Middlebrooks Shapiro & Nachbar, P.C. Trust Account pursuant to Court Order dated August 24, 2007 to Counsel for Plaintiff, Richard L. Cohn. Said Amount shall not be credited to the Judgment Amount.

9. The Debtors shall turnover the Second Homestead Exemption, in the amount of twenty thousand two hundred dollars ($20,200.00) to Debtor's Counsel for use to pay outstanding awarded fees. By accepting this amount, Counsel for Debtors' does not waive any additional outstanding amounts not covered by the amount of the Second Homestead Exemption.

10. Any and all notices relating to the Judgment, and/or Default shall be sent to Donald DeWitt at 16 Central Street, Marblehead, MA 01945-3002. Debtors/Defendant shall have an affirmative obligation to notify Plaintiffs' Counsel, Richard L. Cohn, at 55 Liberty Street, 2nd Floor, New York, NY 10005 via Certified Mail/Return Receipt Request and First Class Mail of any changes of address.

11. Plaintiff withdraws any and all objections to any and all exemptions claimed by Debtors.

12. Plaintiff shall not object if Debtors file a Motion for Conversion of Case from Chapter 13 to Chapter 7.

13. Any funds turned over to Plaintiff by Chapter 13 Trustee after the filing of the Notice of Settlement shall be applied and deducted from the amount due and owing from the Balloon payment as listed above.

*Approved by Judge Morris Stern November 10, 2008*

In re: Donald & Emily DeWitt
Case Number: 07-20289(MS)
Adversary Proceeding: 62nd & 1st, LLC and Ira Mark Company v Donald DeWitt
Case # 08-01090 (MS)
Consent Order Resolving Adversary Matter

      14.      Counsel for Plaintiff, by executing this Consent Order, acknowledges that he has authority to bind the Plaintiffs to this Consent Order

CONSENTED TO AS TO FORM CONTENT
AND FOR ENTRY


**MIDDLEBROOKS SHAPIRO & NACHBAR, P.C.**
Counsel for Chapter 7 Debtors and Defendant

/s/ Stuart M. Nachbar
By:

**62nd & 1st, LLC and Ira Mark Company**
Plaintiff

/s/ Richard L. Cohn
By: Richard Cohn, Esq.

*Approved by Judge Morris Stern November 10, 2008*